## Boucher v. Deposit National Bank

*Joseph Colanacchi,* for plaintiff.
*James F. Israel,* for defendant.

REILLY, *P.J.,* July 2, 1982—This matter is before the court on preliminary objections in the nature of a demurrer and motion to strike the complaint filed on behalf of defendant above-named. On February 13, 1981, defendant granted a loan to plaintiff in the amount of $700 at 18 percent annual interest under the terms of which defendant agreed to monthly payments of $65 each. The loan was in the form of a demand note under which defendant could require immediate payment in full at its option.

Plaintiff made irregular payments during the ensuing months, resulting in the demand note being called on May 26, 1981 and again on October 26, 1981. On both occasions, plaintiff failed to pay. As a result defendant filed a complaint in assumpsit with District Magistrate Wesley J. Read on November 23, 1981, demanding the balance of the loan, together with interest thereon.

According to the record, upon being contacted by the magistrate and informed of the complaint, plain-

tiff indicated he would not contest the entry of judgment because he intended to continue payments on the note, and as a result, judgment was entered against plaintiff.

Following expiration of the appeal period, defendant called plaintiff and asked if plaintiff intended to pay the note without further proceedings. Defendant contends that plaintiff agreed to pay by January 21, 1982, and when payment was not received by that date, defendant directed the magistrate to execute on the judgment.

On January 25, 1982, Howard Hunter, a constable appeared at plaintiff's place of business for purposes of executing on the judgment. Since plaintiff was not present, he levied on certain equipment in plaintiff's store. He returned on January 26, 1982, again demanding payment of plaintiff and although plaintiff questioned the amount due, he paid the constable the full amount demanded. Defendant above-named later returned to plaintiff a portion thereof, acknowledging an overpayment had been made.

On March 26, 1982, plaintiff filed a complaint against defendant, alleging abuse of process resulting in mental suffering, shock, anxiety and humiliation and demanded compensatory and punitive damages. These preliminary objections followed. Although defendant raises four issues in its objections, this court will address only the first. Defendant contends that plaintiff's complaint does not set forth a cause of action for abuse of process or any other cause of action recognizable under Pennsylvania law. This court agrees.

Abuse of process arises when a party employs legal process for some unlawful purpose and not the purpose for which the process was actually intend-

ed. Triester v. 191 Tenants Association, 272 Pa. Super. 271, 415 A.2d 698 (1979). This unlawful purpose "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." Prosser, Torts, 4th ed., ch. 22, §121. Thus, although defendant may have had intentions in issuing against plaintiff, bad intentions absent some other ulterior purpose will not be sufficient to raise a cause of action for abuse of process. *Id.*

In the instant case, defendant obviously had a reason for suing for judgment against plaintiff. The note involved was a demand note on which only spotty payments had been made. Therefore, since defendant was justified in suing for a debt legitimately owed him, any animosity that defendant or plaintiff might have had for one another was quite irrelevant.

It is clear from the facts that plaintiff was quite embarrassed and upset by the actions of the constable in his store. However, supposedly objectionable behavior on the part of a constable in the performance of his sworn duties can hardly give rise to a suit for abuse of process against the party who made the actual complaint. This court can find no evidence in the pleadings or the briefs that defendant sued plaintiff for any reason other than a legitimate debt that was not paid as promised. Therefore, no abuse of process occurred.

### ORDER

Now, July 2, 1982, it is the order of this court that defendant's preliminary objections be and are hereby sustained and plaintiff's complaint dismissed.